# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RICO CORTEZ DUKES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-2508-G-BK |
| | § | |
| UNITED STATES PATTEN | § | |
| TRADEMACK OFFICE, | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. On September 15, 2017, Plaintiff, a *pro se* litigant, filed an initial pleading tilted "Criminal Complaint." The Court granted his motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be **DISMISSED WITH PREJUDICE** as frivolous.

## I. BACKGROUND

The complaint is difficult to decipher and nonsensical. In it, Plaintiff attempts to bring criminal charges against "United States Patten Trademack Office (USPTO)." Doc. 3 at 1. He cites various criminal statutes and complains of events occurring from 1979 through 2010, involving his "birth serial number," an alleged conspiracy to murder him, and vague dealings related to a "genocide from the Rothschilds, Rockefeller, Morgan and the United States Government." Doc. 3 at 1-3.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his *Criminal Complaint* is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").  Even under this most liberal construction, however, Plaintiff's factual contentions are legally and factually frivolous.

Plaintiff's claims are clearly baseless.  Insofar as Plaintiff seeks to prosecute a criminal case against the named defendant, he does not have a federally secured right to pursue a criminal prosecution.  Only the executive branch of the state and federal government has exclusive jurisdiction to commence criminal charges.  *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (quotations and quoted case omitted) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Pierre v. Guidry*, 75 Fed. App'x. 300, 300 (5th

Cir. 2003) (*per curiam*) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 280-281 (5th Cir. 1990) (the decision to file or not to file criminal charges falls within the category of acts that will not give rise to liability under 42 U.S.C. § 1983). Moreover, Plaintiff has offered no legal authority in support of the claims he asserts.

In addition, Plaintiff's allegations relating to his "birth serial number," an alleged conspiracy to murder him, and a "genocide" are premised on factual scenarios that are clearly irrational and incredible. *See Denton*, 504 U.S. at 33; *see also Mills v. U.S. Government*, No. 3:11-CV-1428-L-BK, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011), *recommendation accepted*, 2011 WL 3347906 (N.D. Tex. Jul. 29, 2011) (dismissing complaint as factually frivolous because it alleged that unidentified individuals "use[d] technology" nationally and internationally to watch and control him and to commit crimes against him).

Accordingly, Plaintiff's complaint should be dismissed with prejudice as legally and factually frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff clearly establish that his claims are fatally infirm and irrational. Thus, granting leave to amend would be futile and cause needless delay.

## IV. SANCTION WARNING

Plaintiff is no stranger to this Court, having filed 20 cases, including this one, over the past three and one-half months.[1]  At least four of those cases have been dismissed with prejudice as frivolous and/or for failure to state a claim.   *See Dukes v. United States of America*, 3:17-cv-01657-B-BH (N.D. Tex. Oct. 10, 2017); *Dukes v. United States of America*, 3:17-cv-02063-K-BH (N.D. Tex. Sep. 6, 2017); *Dukes v. Internal Revenue Service*, 3:17-cv-02306-B-BN (N.D. Tex. Oct. 10, 2017); *Dukes v. Caddo Courthouse*, 3:17-cv-02170-D-BN (N.D. Tex. Sep. 19, 2017).

Given his filing history and the frivolous nature of the claims asserted in this case, Plaintiff should be warned that if he persists in filing frivolous or baseless cases, the Court may impose monetary sanctions and/or bar him from bringing any further action.  *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys).  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  *Pro se* litigants have "no license to harass others, clog the judicial

---

[1] *See Dukes v. United States of America*, No. 3:17-cv-01657-B-BH; *Dukes v. United States of America*, No. 3:17-cv-02063-K-BH ; *Dukes v. Barnes et al.*, No. 3:17-cv-02064-L-BF; *Dukes v. Hatch*, No. 3:17-cv-02065-G-BH; *Dukes v. Denton County Court*, No. 3:17-cv-02066-L-BH; *Dukes v. Trump*, No. 3:17-cv-02167-G-BF; *Dukes v. Dallas Municipal Court*, No. 3:17-cv-02168-M-BK; *Dukes v. Caddo Courthouse*, No. 3:17-cv-02170-D-BN; *Dukes v. Feil*, 3:17-cv-02171-L-BK; *Dukes v. Collin County Court*, No. 3:17-cv-02172-C-BK; *Dukes v. Connecticut*, 3:17-cv-02270-G-BN; *Dukes v. Ramirez*, No. 3:17-cv-02303-L-BF; *Dukes v. Duke Mehal Rockefeller*, No. 3:17-cv-02304-M-BK; *Dukes v. Caddo Correctional Center*, No. 3:17-cv-02305-D-BK; *Dukes v. Internal Revenue Service*, No. 3:17-cv-02306-B-BN; *Dukes v. Shreveport LA et al.*, No. 3:17-cv-02506-L-BF; *Dukes v. Rothschild*, No. 3:17-cv-02507-D-BK; *Dukes v. United States Patten Trademack Office*, No. 3:17-cv-02508-G-BK; *Dukes v. Whitehouse*, No. 3:17-cv-02509-D-BH; *Dukes v. Federal Reserve Central Bank*, No. 3:17-cv-02510-D-BH.

4

machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED WITH PREJUDICE** as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B), and that Plaintiff be **WARNED** that if he persists in filing frivolous or baseless actions, the Court may impose monetary sanctions and/or bar him from bringing any further action.

**SIGNED** October 30, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE